UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DERRICK DARNELL LUCKETT                                                                          PETITIONER

VERSUS                                                                  CIVIL ACTION NO. 3:22-CV-570-CWR-RPM

WARDEN, WILKINSON COUNTY
CORRECTIONAL FACILITY                                                                             RESPONDENT

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Petitioner Derrick Darnell Luckett's ("Luckett") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 on September 29, 2022. Doc. [1]. Luckett, proceeding *pro se* and *in forma pauperis*, is an inmate at the Wilkinson County Correctional Facility. He is serving a 30-year sentence after pleading guilty to charges of burglary of a dwelling and conspiracy to commit burglary of a dwelling as a non-violent habitual offender. *Id.* at 1. In Ground One, Luckett raises a claim of violation of his constitutional right to a fast and speedy trial. *Id.* at 5. In Ground Two, Luckett states he waited over 13 months to be indicted and over 270 days for his trial, apparently in violation of Miss. Code. Ann. § 99-17-1. *Id.* at 7. Respondent argues Luckett's claims are procedurally barred because he failed to raise the issues before the state's highest court in his post-conviction filing. Doc. [10] at 9–11. Luckett did not file a reply.

### I. BACKGROUND

Luckett was arrested on March 23, 2018. Doc. [11-1] at 140. On April 26, 2019, Luckett was charged as a habitual offender of burglary of a dwelling (Count I); conspiracy to commit burglary of a dwelling (Count II); and possession of a firearm by a felon (Count III). *Id.* at 31–34. On March 11, 2020, he entered a guilty plea as to Counts I and II in the Circuit Court of Madison

County, Mississippi and was sentenced to 30 years as a non-violent habitual offender. *Id.* at 104–06. Luckett appealed the plea and sentence. *Id.* at 109–15. On May 11, 2020, the Mississippi Court of Appeals denied Luckett's appeal. *Id*. at 121.

On January 11, 2021, Luckett, proceeding *pro se*, filed a post-conviction relief ("PCR") motion in the Madison County Circuit Court alleging violations of due process and various ineffective assistance of counsel claims. *Id.* at 5–13. Specifically, Luckett raised violation of due process because of the time between his arrest, indictment, and sentencing. *Id.* at 6–7. On October 7, 2021, the trial court denied Luckett's PCR motion. *Id*. at 150. Luckett appealed the trial court's decision. *Id*. at 168. On appeal, Luckett exclusively raised ineffective assistance of counsel claims; and thus, he did not raise either of the issues brought in the instant § 2254 petition. Doc. [11-3] at 6–12. On August 30, 2022, the Mississippi Court of Appeals affirmed the trial court's judgment finding "nothing in the record to support Luckett's allegations of ineffective assistance." Doc. [10-5] at 3; *Luckett v. State*, 346 So.3d 509, 511 (Miss. Ct. App. 2022). On September 29, 2022, Luckett filed the instant federal habeas petition. Doc. [1].

## II. LAW AND ANALYSIS

### a. Procedural Default

Respondent argues Luckett's claims have not been exhausted before the state's highest court because he failed to raise them in his PCR appeal. Doc. [10] at 9. Respondent asserts that Luckett has previously pursued direct appeal and PCR; and thus, he no longer has an available avenue in which his claim may proceed. *Id.* "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy this requirement, a federal habeas petitioner must generally present his claims to the state's highest court in a procedurally proper manner and

provide that court with a fair opportunity to pass upon the claims. *See O' Sullivan v. Boerckel*, 526 U.S. 838 (1999).

The undersigned finds that Luckett has procedurally defaulted his constitutional fast and speedy trial claim. In appealing the denial of his PCR motion, Luckett did not present the issue to the Mississippi Court of Appeals. Doc. [11-1] at 114–18; *see Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings."). Instead, throughout his direct appeal and post-conviction relief appeal, Luckett focused his attention exclusively on trial counsel's failings. Doc. [11-1] at 109–14; Doc. [11-3] at 6–10. Therefore, Luckett no longer has an available state avenue through which to properly present the claim. As such, Luckett has defaulted the claim and it is procedurally barred from federal habeas review. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (holding that when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review").

Thus, in order to obtain habeas review of his defaulted claim, Luckett must demonstrate cause for the default and actual prejudice as a result, or that a failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Luckett makes no representations for why he could not raise his claim on appeal to establish cause for the default. He failed to even file a reply to Respondent's answer. Consequently, he has not

3

shown "cause" under the "cause and prejudice" test, and the Court cannot reach the merits of the claim despite the procedural bar. *United States v. Flores*, 981 F.2d 231, 235–36 (5th Cir. 1993). As Luckett has not shown cause for his default, the Court need not consider whether he has shown prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

    b. <u>Alternative Grounds</u>

In the alternative, Luckett's claims are without merit. In his federal petition, Luckett raises two grounds. Doc. [1] at 5, 7. Luckett argues that he was denied a "fast and speedy trial." Doc. [1] at 5. During his PCR proceeding in the trial court, Luckett filed a "Motion to Dismiss for Failure to Provide a Fast and Speedy Trial." Doc. [11-5] at 1–2. In denying the motion, the trial court explained, "At the plea hearing, Defendant specifically waived his right to a speedy trial under oath . . . Moreover, it is well established that where a defendant voluntarily pleads guilty to an offense, he waives non-jurisdictional rights incident to trial, including the constitutional right to a speedy trial." Doc. [10-3]. The record includes the petition for guilty plea, which was signed by Luckett. Doc. [11-1] at 96. In his plea petition, Luckett swore that he knew and understood that by pleading guilty he waived his right to a speedy trial. *Id.* at 97. Luckett's guilty plea waived any non-jurisdictional defects including the right to a speedy trial. *See Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *Dunagan v. Sollie*, No. 3:19-cv-673-HTW-LGI, 2021 WL 2021991, at *2 (S.D. Miss. Mar. 10, 2021); *Townsend v. Cain*, No. 16-7181, 2016 WL 3626223, at *2 (E.D. La. July 7, 2016); *Jackson v. Epps*, No. 2:13-cv-308-HTW-LRA, 2015 WL 847457, at *10 (S.D. Miss. Feb. 26, 2015).

Luckett also appears to raise a statutory violation of Miss. Code. Ann. § 99-17-1 as he references the 270-day deadline to bring a defendant to trial after arraignment. Doc. [1] at 7. However, the violation of state law is not a ground for habeas relief. *See Estelle v. McGuire*, 502

4

U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Thus, the undersigned's only concern in this cause is whether Luckett's federal constitutional rights were violated. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981); *Whitaker v. Mississippi*, No. 1:13-CV-242-GHD-JMV, 2014 WL 4639458, at *8 (N.D. Miss. Sept. 16, 2014); *Clayton v. Epps*, No. 3:03-CV-1256-HTW-JCS, 2006 WL 1520297, at *4 (S.D. Miss. Apr. 17, 2006). Additionally, Luckett raises a claim concerning the delay of thirteen months between his arrest and indictment. Doc. [1] at 7. Luckett was arrested on March 23, 2018, and indicted on April 26, 2019. Doc. [11-1] at 31–34, 140. Because "a defendant's constitutional right to a speedy trial is 'triggered by arrest, indictment, or other official accusation,'" the speedy-trial clock began to run at the time of Luckett's arrest. *Moody v. Wilson*, No. 2:04-CV-117-KS-MTP, 2007 WL 892445, at *11 (S.D. Miss. Mar. 21, 2007) (quoting *Doggett v. United States*, 505 U.S. 647, 655 (1992)); *see also Nelson v. Hargett*, 989 847, 851 (5th Cir. 1993) (recognizing that "a defendant's right attaches at the time of arrest or indictment, whichever comes first"). As previously stated, however, Luckett's guilty plea waived any non-jurisdictional defects including the right to a speedy trial.

## RECOMMENDATION

The undersigned recommends that Petitioner Derrick Luckett's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus be DENIED and DISMISSED with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court

need not consider frivolous, conclusive, or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

      SO ORDERED AND ADJUDGED, this the 15th day of March 2024.

                                         /s/ *Robert P. Myers, Jr.*
                                         ROBERT P. MYERS, JR.
                                         UNITED STATES MAGISTRATE JUDGE